[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has moved under Practice Book § 231, now Practice Book § 13-2 and § 13-3, for the production of a recorded statement taken from an employee of the defendant, James Allen, who was present at the time of the plaintiff's fall in the defendant's store and witnessed the incident.
The defendant has objected claiming that the statement was prepared in anticipation of litigation and is, therefore, protected from discovery by Practice Book § 13-3.
 Practice Book § 13-3 reads in pertinent part: ". . . a party may obtain discovery of documents and tangible things otherwise discoverable under Sec. 13-2 and prepared in anticipation of litigation or for trial . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by any other means . . . "
 (b) A party may obtain without the showing required by this section, discovery of the party's own statement and of any non-privileged statement of any other party concerning the action . . . "
The practice book section does permit the plaintiff to obtain a statement of an employee of a party even when prepared in anticipation of litigation upon a showing that he has substantial need of the materials in the preparation of the case and is unable to obtain it by any other means without undue hardship.
The first question, therefore, is whether a statement taken September 19, 1995, about seven months after the plaintiff's fall CT Page 5526 was prepared in anticipation of litigation. It was prepared six months after Stop Shop was first contacted by plaintiff's counsel, but before suit was brought. The defendant claims that the statement was taken only after the plaintiffs' counsel indicated a willingness to bring suit.
The plaintiff claims that the statement was taken in the ordinary cause of business and not in anticipation of litigation. Statements taken in the regular course of business must be produced. Stanley Works v. New Britain Development Agency,155 Conn. 86, 95 (1967).
The mere fact that a party has a report prepared because he anticipates future litigation is not sufficient to clothe it with any privilege such as the attorney-client privilege or attorney-work product privilege.
Neither party has cited any other Connecticut Appellate Court cases. Thus, anticipation of litigation is not sufficient to protect the statement from discovery without some other claim of privilege. In this case, the court does not find that the defendant has asserted or proven any claim of privilege. The plaintiff has cited many superior court cases which hold that "a statement of a party made in anticipation of litigation is not because of that fact privileged and must be turned over to the other side unless it is protected by some recognized privilege."Binkowski v. Danbury Hospital, Superior Court, Judicial Districtof Ansonia/Milford at Milford, Docket No. 55127, and other cases cited at page 7 of the plaintiff's brief.
The plaintiff must show that he has substantial need of the statement in order to have it produced. Here the plaintiff is requesting the statement of an eyewitness to his fall. The equivalent of the statement taken shortly after the incident cannot be obtained. Any statement or deposition of the witness at this time, several years after the incident would not be the equivalent of one taken a few months after it occurred.
For all of the above reasons, the plaintiff's motion to compel is granted.
D. Michael Hurley Judge Trial Referee